]IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BERNADETTE MARY WEBER,            )
                                  )
            Plaintiff,            )
                                  )
      vs.                         )   Civil Action No.   1:15-109
                                  )
CAROLYN COLVIN, Acting Commissioner )
of Social Security,               )
                                  )
            Defendant.            )
                                  )

AMBROSE, Senior District Judge

**OPINION
and
ORDER OF COURT**

**SYNOPSIS**

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 9 and 13]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 10 and 14]. Plaintiff also filed a Reply Brief. [ECF No. 15]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, Defendant's Motion [ECF No. 13] is denied and Plaintiff's Motion [ECF No. 9] is granted to the extent that the case is remanded to the Commissioner for further proceedings consistent with the Opinion that follows.

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). Plaintiff applied for SSI on or about May 11, 2011. [ECF No. 7-5, at 158-66; ECF No. 7-6, at 173]. In her application, she alleged

1

that she was disabled due to bipolar disorder, anxiety, and spondylosis in the neck, and that she had been unable to work since October 17, 2003.[1]  [ECF No. 7-3, at 81; ECF No. 7-5, at 158-66; ECF No. 7-6, at 173].   Administrative Law Judge ("ALJ") William J. Bezego held a video hearing on November 13, 2012, at which Plaintiff was represented by counsel. [ECF No. 7-2, at 37-62]. Plaintiff appeared at the hearing via video and testified on her own behalf.  Id.  A vocational expert also was present at the hearing and testified.  Id. at 56-61.   In a decision dated November 30, 2012, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act.  Id. at 20-36. On March 26, 2015, the Appeals Council denied Plaintiff's request for review.  Id. at 1-5.  Having exhausted all of her administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment.  [ECF Nos. 9 and 13]. The issues are now ripe for my review.

## II.  LEGAL ANALYSIS

### A.  Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate."  Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).   Determining whether substantial evidence exists is "not merely a quantitative exercise."  Gilliland v. Heckler, 786 F.2d 178, 183 (3d Cir. 1986) (citing Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)).   "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to

---

[1] Plaintiff filed a prior application for benefits in June 2007 that was denied in a decision dated September 10, 2009.  [ECF No. 7-3, at 63-77 (Ex. 1A)].  The Appeals Council denied review of that decision on September 13, 2010.  Id. at 78-80 (Ex. 2A).   The ALJ in the instant case found that the prior decision was entitled to administrative finality as to Plaintiff's current application.  [ECF No. 7-2, at 20].

2

resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." Id. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional

capacity. 20 C.F.R. § 416.920. The claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

### B. Residual Functional Capacity (RFC)

The ALJ found that Plaintiff had severe impairments, including degenerative disc disease, arthritis, bipolar disorder, depression, anxiety, and post-traumatic stress disorder ("PTSD"). [ECF No. 7-2, at 22]. He further found that Plaintiff had the residual functional capacity ("RFC") to perform light work, except requiring the performance of only routine, repetitive tasks; only occasional judgment, decision making, and changes in the work setting; and only occasional interaction with the public, coworkers, and supervisors. Id. at 25. Plaintiff asserts that the ALJ erred in weighing the mental opinion evidence[2] when formulating Plaintiff's RFC. [ECF No. 10 at 10-18]. Specifically, Plaintiff argues that ALJ erred in assigning her treating psychiatric nurse practitioner, Rose Ann Flick (CRNP), "little weight," while assigning the non-examining state agency psychologist, Dr. Phyllis Brentzel, "significant weight," and assigning state agency consultant, Dr. Rebecca Billings, "some weight." Id. at 10-15.

The amount of weight afforded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a

---

[2] Plaintiff does not take issue with the findings related to her physical impairments. [ECF No. 10]. As a result, I limit my discussion to the mental health opinion evidence.

4

non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician "since these sources are likely to be the medical professionals most able to provide a detailed longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." Id. § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. Id. Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." Id. § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir.2000) (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir.1999)). However, "where ... the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. Id. Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

Becker v. Comm'r of Soc. Sec. Admin., 403 F. App'x 679, 686 (3d Cir. 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or the wrong reason." Diaz v. Comm'r of Soc. Security, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff did not have a treating mental health physician. Rather, CRNP Flick treated Plaintiff at Stairways Behavioral Health. [ECF No. 7-8, at 287-303, 317-339; ECF No. 7-9,

5

at 340-44]. As Plaintiff acknowledges, a nurse practitioner is not "an acceptable medical source" in assessing a claimant's disability but, rather, is considered an "other source." S.S.R. 06-03p. Therefore, a nurse practitioner's opinions cannot establish the existence of a medically determinable impairment. Id.; see also Chandler v. Comm'r of Soc. Security, 677 F.3d 356, 361-62 (3d Cir. 2011); Hartranft v. Apfel, 181 F.3d 358, 361 (3d Cir. 1999); 20 C.F.R. § 416.913(a), (d). Social Security Ruling 06-03p, however, provides that an ALJ will consider evidence from such "other sources" in determining whether a disability exists because such sources may provide insight into the severity of the impairment and the ability of the individual to function. As such, the ALJ should weigh this evidence with the rest of the evidence using the same factors, including: how long the source has known, and how frequently the source has seen, the individual; how consistent the opinion is with the other evidence; the degree to which the source presents relevant evidence to support an opinion; how well the source explains the opinion; whether the source has a specialty or area of expertise related to the individual's impairment; and any other factor that tends to support or refute the opinion. Id.

On October 5, 2012, CRNP Flick completed a check box form provided to her by Plaintiff's counsel opining that Plaintiff would not be able to maintain regular attendance on a sustained basis, would not be able to interact appropriately with fellow workers and supervisors on a sustained basis, and would not be able to respond appropriately to supervisory criticism. [ECF No. 7-8, at 318]. CRNP Flick also stated in an October 11, 2012 treatment note that it was her "firm belief and professional opinion that Ms. Weber not engage in work at this time and should be considered for full-time disability. Her PTSD symptoms are quite acute and quite debilitating." [ECF No. 7-9, at 341].

Here, the ALJ assigned "little weight" to CRNP Flick's opinion that Plaintiff is unable to maintain regular attendance and interact appropriately with co-workers or supervisors because,

although Flick had provided Plaintiff with treatment, her opinions of disability were inconsistent with the treatment notes "including the claimant being noted to be stable on her medications in October of 2012," and were inconsistent with Plaintiff's "numerous activities of daily living including socializing with friends, reading, playing BINGO, and taking care of her boyfriend who has cancer." [ECF No. 7-2, at 30].

Plaintiff contends that the ALJ's reasons for assigning little weight to CRNP Flick's opinions were in error. Specifically, Plaintiff argues that the ALJ's reliance on the notation that Plaintiff was stable on her medications in October 2012 was selective and ignored contemporaneous notations indicating more severe mental symptoms. [ECF No. 10, at 15-18]. After careful review, I agree. Although the October 2012 notation indeed indicates that Plaintiff was stable on her then-current medications, the same note also reflects that, on that date, Plaintiff exhibited irritable and depressed behavior; a depressed mood, edgy at times; a mildly elevated anxiety state; and problems falling asleep. [ECF No. 7-9, Ex. 14F]. The October 2012 notes further indicate that Plaintiff was requesting a change in medications due to weight gain and that her PTSD symptoms were continuing. Id. The ALJ's reasoning further ignores the numerous other treatment notes from Stairways Behavioral Health that describe serious symptoms and medication changes despite also indicating stability on current medications. [ECF No. 7-8, Exs. 10F, 13F].

Moreover, although an ALJ may consider the effectiveness of a claimant's medications when making his determination, a claimant's stability on medications in structured and supportive settings does not always support a conclusion that she is not disabled within the meaning of the Act. See, e.g., Morales v. Apfel, 225 F.3d 310, 319 (3d Cir. 2000); Brownawell v. Comm'r of Soc. Sec., 554 F.3d 352, 355-56 (3d Cir. 2008) (noting that a doctor's observation that a patient is "stable and well controlled with medication during treatment does not [necessarily] support the

7

medical conclusion that [the patient] can return to work"). Based on the above, I find that the October 2012 notation that Plaintiff was stable on her medications, on its own, is not substantial evidence in support of the ALJ's decision to accord CRNP's opinions little weight. On remand, the ALJ must discuss these and similar notations in the context of the mental health records in which they are found, providing an explanation for any conflicting evidence he rejects.

In addition to CRNP Flick's opinions, the ALJ reviewed the July 1, 2011 report from consultative examiner Rebecca Billings, Ph.D. and the July 19, 2011 opinion of non-examining state agency psychologist Phyllis Brentzel, D. Psy. [ECF No. 7-3, at 81-93 (Ex. 3A); ECF No. 7-8, at 276-286 (Ex. 9F)]. Dr. Billings examined Plaintiff on July 1, 2011 and opined, inter alia, that Plaintiff had no impairment-related restrictions on her ability to understand, remember, and carry out short, simple instructions; slight restriction on her ability to understand, remember, and carry out detailed instructions and to make judgments on simple, work-related decisions; no restrictions on her ability to interact appropriately with the public, co-workers, and supervisors; and slight restrictions on her ability to respond appropriately to work pressures in a usual work setting and to changes in a routine work setting. [ECF No. 7-8, at 285]. The ALJ gave Dr. Billings' opinion only "some weight," however, because, although it was generally consistent with the record as a whole and completed by an examining source, the record supported additional restrictions on Plaintiff's mental abilities as reflected in the RFC. [ECF No. 7-2, at 29].

The non-examining state agency consultant, Dr. Brentzel, reviewed Dr. Billings' report and found that Dr. Billings' opinions were inconsistent with the totality of the evidence in the file. Specifically, Dr. Brentzel stated that Dr. Billings' opinions were based on a brief clinical encounter and that her statements about Plaintiff's abilities in the areas of making occupational adjustments, performance adjustments, and personal and social adjustments were not consistent with the medical and non-medical evidence in the claims folder. [ECF No. 7-3, at 90]. Dr. Brentzel

further explained that Dr. Billings "does not provide insight that would exist from a longitudinal treatment history. The opinion is an underestimate of the severity of the claimant's . . . limitations. Therefore, great weight cannot be given to the examining source's opinion." Id. Dr. Brentzel opined that Plaintiff was moderately limited in her ability: to understand, remember, and carry out detailed instructions; to work in coordination with or in proximity to others without being distracted by them; to make simple work-related decisions; to complete a normal workday and workweek without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; to accept instructions and respond appropriately to criticism from supervisors; to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and to respond appropriately to changes in the work setting. Id. at 88-90. Dr. Brentzel concluded that Plaintiff was not significantly limited in all other work-related areas, and that she could perform simple, routine repetitive work in a stable environment; understand, retain and follow simple job instructions (i.e., perform one and two step tasks); maintain regular attendance and be punctual; maintain socially appropriate behavior and maintain an acceptable level of personal hygiene; ask simple questions and accept instruction; and sustain an ordinary routine without special supervision. Id.

Accordingly, in Dr. Brentzel's opinion, the limitations resulting from Plaintiff's impairment did not preclude Plaintiff from performing the basic mental demands of competitive work on a sustained basis. Id. at 90. The ALJ gave Dr. Brentzel's opinion significant weight because he found that it was supported by the record evidence; was consistent with the record as a whole; and was completed by an expert in the evaluation of the medical issues in disability claims. [ECF No. 7-2, at 29].

Plaintiff finds fault with the weight given by the ALJ to both state agency physicians. After careful review, I agree in part. As an initial matter, I note that the ALJ did not err simply by

9

assigning more weight to a state agency consultative or reviewing physician than to CRNP Flick. In addition to the fact that CRNP Flick was not an acceptable medical source, it is well-established that state agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified specialists who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings and other opinions of state agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists as opinion evidence. 20 C.F.R. § 416.927(e)(2)(i); Poulos v. Comm'r of Social Sec., 474 F.3d 88, 93 n.2; Chandler, 667 F.3d at 361. Indeed, an ALJ may credit opinions of state agency physicians over contradictory treating physician opinions if the state agency opinion is supported by the record evidence. See Chandler, 667 F.3d at 361-62.

More troubling, however, is the ALJ's failure to discuss in his opinion the import of the fact that neither Dr. Billings nor Dr. Brentzel reviewed any of Plaintiff's mental health records before rendering their opinions. Although a few of the Stairways Behavioral Health Records predated Dr. Billings' consultative examination and Dr. Brentzel's review, Defendant acknowledges that neither doctor had access to those records prior to their reports. [ECF No. 14, at 15]. Further, the bulk of Plaintiff's mental health records post-date both state agency reports. The ALJ does not mention whether he took the state agency physicians' inability to review any mental health records into consideration when weighing their opinions. To the contrary, the ALJ states, without qualification, that both Dr. Billings and Dr. Brentzel "reviewed the claimant's medical history/record." [ECF No. 7-2, at 29]. The ALJ likewise does not discuss comments such as that of Dr. Billings that she had little "collateral information" available to her in reaching her opinion and that "[c]ollection of additional information (e.g., from her current psychiatry providers at Stairways, and/or via MMPI-2 and/or WAIS-IV administration) may be helpful in further clarifying

10

the current scope and severity of [Plaintiff's] difficulties." [ECF No. 7-8, at 284, Ex. 9F]. Although the regulations do not prohibit an ALJ from relying on state agency opinions that predate subsequent medical records, Chandler, 667 F.3d at 361, the above ambiguities and lack of discussion of this issue in the ALJ's opinion precludes meaningful review in this case. Accordingly, remand for a more complete analysis of this issue is warranted.

### C. Credibility

Plaintiff also contests the ALJ's credibility findings, arguing that the ALJ's reliance on Plaintiff's "conservative" treatment history and her activities of daily living – such as shopping, cooking, attending appointments, reading, watching television, completing word searches, playing bingo, paying bills, and taking care of her boyfriend who has cancer – is not substantial evidence that she can meet the mental demands of sustained employment. [ECF No. 10, at 18-20; ECF No. 15, at 4-5]. To be clear, It is well-established that the ALJ is charged with the responsibility of determining a claimant's credibility. See Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974). The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." S.S.R. 96-7p. Ordinarily, an ALJ's credibility determination is entitled to great deference. See Zirnsak v. Colvin, 777 F.3d 607, 612 (3d Cir. 2014); Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir.2003).

In determining the limits on a claimant's capacity for work, the ALJ will consider the entire case record, including evidence from the treating, examining, and consulting physicians; observations from agency employees; and other factors such as the claimant's daily activities, descriptions of pain, precipitating and aggravating factors, type, dosage, effectiveness and side effects of medications, treatment other than medication, and other measures used to relieve pain.

11

20 C.F.R. § 416.929(c); S.S.R. 96-7p. The ALJ also will look at inconsistencies between the claimant's statements and the evidence presented. 20 C.F.R. § 416.929(c)(4). Inconsistencies in a claimant's testimony or daily activities permit an ALJ to conclude that some or all of the claimant's testimony about his limitations or symptoms is less than fully credible. See Burns v. Barnhart, 312 F.3d 113, 129–30 (3d Cir. 2002).

In general, I find that the ALJ considered the factors set forth above and adequately explained the reasoning behind his credibility determinations. [ECF No. 7-2, at 25-30]. A claimant's course of treatment and activities of daily living are appropriate bases on which to evaluate credibility. Moreover, the ALJ here did not reject Plaintiff's allegations entirely. Rather, he incorporated numerous limitations related to Plaintiff's mental health complaints in his RFC finding. The ALJ's credibility findings, however, also rest on his analysis of the medical records and opinion evidence. Because I have found that the ALJ inadequately assessed the medical evidence in this case, the ALJ must reevaluate Plaintiff's credibility accordingly on remand.

### III. CONCLUSION

Under the Social Security regulations, a federal district court reviewing the decision of the Commissioner denying benefits has three options. It may affirm the decision, reverse the decision and award benefits directly to a claimant, or remand the matter to the Commissioner for further consideration. 42 U.S.C. § 405(g) (sentence four). In light of an objective review of all evidence contained in the record, I find that the ALJ's decision is not supported by substantial evidence because, in discussing his RFC and credibility findings, the ALJ failed to address adequately Plaintiff's mental health records, including, inter alia, the unavailability of those records to the state agency consultative and reviewing physicians. The case therefore is remanded for further consideration in light of this Opinion. For these and all of the above

12

reasons, Plaintiff's Motion for Summary Judgment is granted to the extent set forth herein, and Defendant's Motion for Summary Judgment is denied to that same extent.   An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BERNADETTE MARY WEBER, )
)
    Plaintiff, )
)
vs. ) Civil Action No. 1:15-109
)
CAROLYN COLVIN, Acting Commissioner )
of Social Security, )
)
    Defendant. )
)

AMBROSE, Senior District Judge

# ORDER OF COURT

AND NOW, this 20th day of July, 2016, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment [ECF No. 9] is GRANTED to the extent that Plaintiff seeks remand for further consideration and the matter is REMANDED to the Commissioner for further proceedings consistent with the Opinion attached hereto. Defendant's Motion for Summary Judgment [ECF No. 13] is DENIED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge